# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EMCARE PHYSICIAN SERVICES, INC.,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    **Civil Action No.: 1:26-cv-00021** <br> )    _____ |
| **ESCAMBIA COUNTY ALABAMA COMMUNITY HOSPITALS, INC. D/B/A ATMORE COMMUNITY HOSPITAL,** | ) <br> ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

## COMPLAINT

EmCare Physician Services, Inc. ("Plaintiff") files this Complaint against Escambia County Alabama Community Hospitals, Inc. d/b/a Atmore Community Hospital ("Defendant") and states as follows:

## PARTIES

1. Plaintiff is a corporation formed under the laws of Delaware with its principal place of business in Texas.

2. Defendant is a non-profit corporation formed under the laws of Alabama with its principal place of business in Escambia County, Alabama.

1

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs.

4. This Court has personal jurisdiction over Defendant because Defendant is a citizen of the State of Alabama and conducts and transacts business in the State of Alabama.

## VENUE

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident citizen of this jurisdiction and conducts and transacts business in this jurisdiction.

## FACTS

6. Plaintiff provides comprehensive management services to aid and assist hospitals, physician groups, and other medical facilities in the arrangement for emergency physician coverage of hospital emergency departments and administrative management.

7. Defendant operates a community hospital in Atmore, Alabama, and provides emergency physician services to members of the community through the hospital's emergency department.

8. EmCare Physician Services, Inc. and Defendant entered into a Professional Services Agreement ("PSA"), effective as of November 14, 2016, which is attached hereto as **Exhibit A**.

9. Under the PSA, Plaintiff was obligated to: identify prospective physicians to provide coverage in the emergency department; arrange for providers to provide coverage in the emergency department; designate a provider to be Medical Director of the emergency department; and confirm that providers maintain medical records. Ex. A ¶¶ 3(A)–(D).

10. In return, Defendant was obligated to pay Plaintiff a monthly administrative fee calculated based on the billable emergency department patient volume for each month. *Id.* ¶ 8(C). As agreed upon in the PSA, Plaintiff would invoice Defendant each month, and Defendant would pay the invoices in full within fifteen days of receipt. *Id.* Invoices not paid within fifteen days of receipt accrued interest. *Id.*

11. Plaintiff performed its obligations and provided the services contemplated by the PSA.

12. In connection with Plaintiff's services, Plaintiff issued Invoices Nos. 301409, 303057, 304645, and 305599 (the "Invoices") to Defendant, which are compiled and attached hereto as **Exhibit B**.

13. Defendant failed or refused to pay the amounts due under the Invoices, in breach of its obligations under the PSA.

14. During 2024, the Parties negotiated payment of the outstanding amounts owed by Defendant, including the negotiation of a payment plan regarding the outstanding amounts, and Defendant admitted that it owed the outstanding amounts to Plaintiff.

15. Defendant made payments pursuant to the payment plan until July 2024. Thereafter, Defendant failed or refused to make payments in accordance with the payment plan, other than one partial payment in February 2025.

16. Plaintiff demanded payment for the outstanding amounts due under the Invoices, and presented full accounts detailing the outstanding payments due from Defendant at various times, including by letters dated January 2, 2024, August 11, 2025, and December 18, 2025, and by an email dated January 5, 2024.

17. To date, Defendant has failed or refused to pay the amounts due or otherwise cure its breach.

18. The amount outstanding totals $209,666.00, plus interest accrued under the terms of the PSA.

19. The PSA provides that Defendant must indemnify and hold Plaintiff harmless from any and all losses, including attorneys' fees and costs, or damages

incurred by Plaintiff as a result of Defendant's failure to comply with its obligations under the PSA. Ex. A ¶ 29(C).

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff adopts and incorporates Paragraphs 6 through 19 as if fully set out herein.

21. Plaintiff fully performed all of its obligations and conditions precedent under the PSA to provide the services described in Paragraph 9 herein.

22. Plaintiff invoiced Defendant for Plaintiff's services in accordance with the PSA.

23. Defendant breached the PSA by failing to make the required payments to Plaintiff.

24. As a result of Defendant's breach, Plaintiff has suffered, and is continuing to suffer, damages, including, but not limited to, the $209,666.00 owed, together with interest, attorneys' fees and costs, and other incidental and consequential damages, many of which are continuing to accrue.

## COUNT II
## ACCOUNT STATED

25. Plaintiff adopts and incorporates Paragraphs 6 through 19 as if fully set out herein.

26. Plaintiff balanced Defendant's account and presented statements of the account to Defendant on January 2, 2024, January 5, 2024, August 11, 2025, and December 18, 2025.

27. Plaintiff's statements of Defendant's account were correct.

28. Defendant expressly and impliedly admitted that it owed the outstanding amounts to Plaintiff.

29. Defendant did not dispute any of the statements of account.

30. Defendant owes Plaintiff the sum of $209,666.00, plus interest, on its account.

31. As a proximate result of Defendant's failure to pay the $209,666.00 owed on its account with Plaintiff, Plaintiff was caused to suffer damages, including, but not limited to, the $209,666.00 owed, together with interest, attorneys' fees and costs, and other incidental and consequential damages, many of which are continuing to accrue.

## COUNT III
## OPEN ACCOUNT

32. Plaintiff adopts and incorporates Paragraphs 6 through 19 as if fully set out herein.

33. Under the PSA, Plaintiff submitted to Defendant monthly invoices for its services, which were part of a series of transactions.

34. Defendant failed to pay the Invoices referenced in Paragraph 12 herein, resulting in an outstanding balance.

35. The outstanding balance has not been settled.

36. Defendant owed Plaintiff the sum of $209,666.00, plus interest, which continues to accrue, due on open account.

37. As a proximate result of Defendant's failure to pay the outstanding balance on its open account in full, Plaintiff was caused to suffer damages, including, but not limited to, the $209,666.00 owed, together with interest, attorneys' fees and costs, and other incidental and consequential damages, many of which are continuing to accrue.

## COUNT IV
## UNJUST ENRICHMENT

38. Plaintiff adopts and incorporates Paragraphs 6 through 19 as if fully set out herein.

39. The services Plaintiff provided to Defendant in accordance with the PSA were a benefit conferred on Defendant.

40. Defendant received the benefit of Plaintiff's services.

41. Defendant's retention of the benefit of Plaintiff's services without payment is unequitable, and Defendant was unjustly enriched by Plaintiff's services.

42. As a result of Defendant's unjust enrichment, Plaintiff has suffered, and is continuing to suffer, damages, including, but not limited to, the $209,666.00 owed,

together with interest, attorneys' fees and costs, and other incidental and consequential damages, many of which are continuing to accrue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in Plaintiff's favor and against Defendant for compensatory damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and any other relief to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted this the 27th day of January, 2026.

/s/ *Xan Ingram Flowers*
Xan Ingram Flowers (ASB-8496-R19I)
Madison R. King (ASB-4816-R46J)

*Attorneys for Plaintiff EmCare Physician Services, Inc.*

**OF COUNSEL:**
BUTLER SNOW LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 297-2200
Fax: (205) 297-2201
Xan.Flowers@butlersnow.com
Maddie.King@butlersnow.com

**Plaintiff to serve via Certified Mail:**

Escambia County Alabama Community Hospitals, Inc. d/b/a Atmore Community Hospital
c/o Phillip L. Parker
1301 Belleville Avenue
Brewton, Alabama 36427